UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGIC LEAP, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>GARY BRADSKI, et al.,<br><br>   Defendants. | Case Nos. 16-cv-02852 NC;<br><br>16-cv-3235 NC<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. Nos. 164, 34 |

  In the related Magic Leap cases, attorneys Jack Russo and Christopher Sargent from the Computerlaw Group move to withdraw their representation of Bradski, Kaehler, and Robotics Actual. Counsel argues that an actual conflict between the interests of defendants has arisen, necessitating Computerlaw Group's withdrawal.

  Under Northern District of California Civil Local Rule 11-5(a), "Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." In addition, Civil Local Rule 11-4(a)(1) requires complaince with the standard of professional conduct required of members of the California State Bar. Under California rules, counsel "shall not withdraw from employment until the [attorney] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client" including giving the client notice and "allowing time for employment of other counsel." California Rule of Professional Conduct 3-700(C)(1)(d). Additionally, as counsel notes,

Case No.16-cv-02852-NC

1  courts consider (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that
2  withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the
3  administration of justice; and (4) the extent to which withdrawal will delay resolution of
4  the case.  *Deal v. Countrywide Home Loans*, Case No. 09-cv-01643 SBA, 2010 WL
5  3702459, at *2 (N.D. Cal. Sept. 15, 2010).

6   Here, the Court has a number of concerns about the motion to withdraw,
7  necessitating further briefing and a continuation of the upcoming hearing dates in both
8  cases.  In particular, Computerlaw Group has filed six motions, plus several administrative
9  motions to seal, all of which are currently pending with the Court.  In addition, this case
10 has been referred for ongoing settlement discussions with Magistrate Judge Kim.  The
11 Court and opposing counsel have spent significant resources and time addressing the
12 motions filed and attempting to resolve this dispute with Computerlaw Group as counsel.
13 Finally, Bradski has filed a notice of settlement with Magic Leap, but signed the settlement
14 in pro se.

15  Therefore, with the information provided, the Court currently believes that the
16 possibility of prejudice is high, the withdrawal will cause a burden on the administration of
17 justice, and withdrawal will likely delay resolution of this case.

18  Thus, the Court orders as follows:

19  1. Computerlaw Group must provide a copy of this order to Bradski, Kaehler, and
20     Robotics Actual.

21  2. Computerlaw Group must further identify the basis for withdrawal and address
22     the prejudice to the clients and the administration of justice by November 30,
23     2016.

24  3. Bradski, Kaehler, and Robotics Actual may respond to the motion to withdraw
25     by December 9, 2016, identifying whether they (1) agree with or oppose the
26     motion and (2) have obtained other counsel or need time to do so.

27  4. The Court VACATES the November 30, 2016, hearings and status conference.

28  5. The Court sets a hearing on the motion to withdraw only on December 14, 2016,

Case No. 16-cv-02852 NC                2

at 1:00 p.m. in San Jose, Courtroom 7. Computerlaw Group counsel must appear in person. Bradski, Kaehler, and Robotics Actual must also participate, but may do so telephonically. Magic Leap's counsel must also be present, although the Court expects to conduct some of the hearing ex parte.

6. The Court will address the stipulations to dismiss and the pending motions after ruling on the motion to withdraw.

**IT IS SO ORDERED.**

Dated: November 21, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge